UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                     :

**JEFFERY FELTON**,

                    Plaintiff,

                  – against –

**LOCAL UNION 804, INTERNATIONAL BROTHERHOOD OF TEAMSTERS AND UNITED PARCEL SERVICE**,

                    Defendants.
------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

21-CV-1628 (AMD) (RML)

**ANN M. DONNELLY**, United States District Judge:

      Before the Court are the defendants' motions to dismiss the *pro se* plaintiff's third amended complaint, in which he claims, as he did in a previous action, *Felton v. Loc. Union 804, Int'l Bhd. of Teamsters*, No. 17-CV-2309, that his union breached its duty to represent him fairly at a grievance hearing where the plaintiff challenged the termination of his employment. (*Id*. ¶ 7.) I dismissed the plaintiff's ninth amended complaint in the previous action and denied his request to file a tenth amended complaint.[1] Because this latest action is almost identical to the one I dismissed in 2020, I construe it as a request for vacatur of the 2020 order pursuant to Federal Rule of Civil Procedure 60(b). For the reasons that follow, the motion to reconsider is denied, and the defendants' motion to dismiss the complaint is granted.

---

[1] *Felton v. Loc. Union 804, Int'l Bhd. of Teamsters,* 2020 WL 3104048, at *4 (E.D.N.Y. June 11, 2020) (*Felton II*). I granted the defendants' motion to dismiss the plaintiff's sixth amended complaint because it failed to state a hybrid Section 301 Labor Management Relations Act/duty of fair representation claim but granted him leave to amend his complaint with more specific factual allegations. *Felton v. Loc. Union 804, Int'l Bhd. of Teamsters*, 2019 WL 1046952, at *6 (E.D.N.Y. Mar. 5, 2019) (*Felton I*).

**BACKGROUND**

The allegations in the plaintiff's first, second, and third amended complaints in this case are substantially the same as those he made in *Felton I* and *II*. On January 4, 2016, the defendant United Parcel Service ("UPS") fired the plaintiff, a member of Teamsters Local 804, for "taking home package car keys" in violation of UPS rules. (ECF No. 20 ¶ 2.) The plaintiff claims that this discharge violated Article 7 of the National Master Agreement and Article 12 of the Collective Bargaining Agreement because he was not charged with a "cardinal infraction." (*Id.* ¶ 4-5.)

The plaintiff filed a grievance and proceeded to an arbitration hearing before a six-person panel composed of three union members and three UPS managerial employees. The Collective Bargaining Agreement provides that an impartial arbitrator casts the deciding vote when the panel cannot agree on a grievance determination. (*Id.* ¶ 18.) The defendant Local 804 Union represented the plaintiff at the grievance hearing. (*Id.* ¶ 7.) The union representative emailed the plaintiff after the hearing and advised him that the arbitrator denied his grievance. (*Id.*)

The plaintiff filed a complaint with the National Labor Relations Board ("NLRB"), claiming that the union breached its duty of fair representation. (*Id.* ¶ 8.) The NLRB agent allegedly "contacted the [u]nion," and "the union" informed him that the arbitrator cast the deciding vote denying the plaintiff's grievance. (*Id.* ¶ 9.) The NLRB agent then spoke with the "alleged arbitrator," who confirmed that he denied the plaintiff's grievance at the conclusion of the arbitration hearing. (*Id.* ¶ 11.)

The plaintiff now seeks to introduce "newly discovered evidence"— portions of an August 18, 2020 deposition in an unrelated civil action in this court, *Barrett v. Villalta et al.*, No. 18-CV-2046. The deponent in that case, Matthew Hoffman, is a UPS manager who was one of

the three UPS panel members in the plaintiff's grievance proceeding. (ECF No. 21-9 at 31.) Mr. Hoffman testified that his signature on the "Joint Submission Form" used in the plaintiff's arbitration hearing indicated that the plaintiff's "case was heard, and the Committee denied the grievance." (*Id*. at 34-35.) The plaintiff claims that Mr. Hoffman's testimony demonstrates that the panel in his case denied his grievance because the plaintiff's form contains Mr. Hoffman's signature and does not contain a signature from the arbitrator. (*Id*. ¶¶ 9, 15-16.) The plaintiff believes this testimony shows that his union representative was not accurate when he told the plaintiff that an arbitrator denied his grievance because the panel members could not agree. The plaintiff argues that this supports his claim that the union did not represent him in good faith. (*Id*. ¶ 20.) The plaintiff also claims that the NLRB agent, who is not named as a party in the action, conspired with the union to violate the plaintiff's civil rights. (*Id*. ¶ 22.)

## LEGAL STANDARD

Because the plaintiff is proceeding *pro se*, his pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Still, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside pursuant to [Federal Rules of Civil Procedure] 59(e) or 60(b)." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). "The Second Circuit has

cautioned that Rule 60(b) motions are disfavored and should be granted only upon a showing of exceptional circumstances. The burden of proof is on the party seeking relief from judgment." *Wyche v. Advanced Drainage Sys., Inc.*, 332 F.R.D. 109, 112 (S.D.N.Y. 2019) (internal citations omitted).

## DISCUSSION

### I. Plaintiff's Construed Motion for Relief from Judgment

As explained above, in view of the plaintiff's *pro se* status, I construe his submission as a motion under Rule 60(b)(2), which provides that "the court may relieve a party . . . from a final judgment or proceeding for . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."[2] Fed. R. Civ. P. 60(b)(2). The standard for relief under Rule 60(b)(2) is "an onerous one to meet…

> [T]he movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching."

*Loftus v. Fin. Indus. Regul. Auth., Inc.*, No. 20-CV-7290, 2022 WL 2829476, at *2 (S.D.N.Y. July 20, 2022) (citations omitted). Evidence that was "clearly available" at the time of the judgment is "not 'newly discovered'" for the purposes of a motion under Rule 60(b)(2). *Whitaker v. N.Y. Univ.*, 543 Fed. App'x. 113, 114 (2d Cir. 2013).

Mr. Hoffman's deposition was clearly available while the plaintiff's prior lawsuit was pending. The plaintiff does not explain why he did not seek to depose Mr. Hoffman, which was

---

[2] The Court entered final judgment in *Felton I* on June 12, 2020. The plaintiff filed the original complaint in this case on March 25, 2021. Therefore, a motion under Rule 60(b)(2) is timely. *See Pryor v. Berryhill*, 286 F. Supp. 3d 471, 474-75 (E.D.N.Y. 2017).

4

what the *pro se* plaintiff did in *Barrett*. But even if he had, the evidence would not have changed my June 12, 2020 decision. As I explained when I dismissed *Felton II*, a plaintiff alleging breach of the duty of fair representation must (1) "prove that the union's actions or inactions are either arbitrary, discriminatory, or in bad faith," and (2) "demonstrate a causal connection between the union's wrongful conduct and [the plaintiff's] injuries." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010). Nothing about Mr. Hoffman's testimony in an unrelated case establishes these elements.

Even if the union advocate's email included misleading or false information about the hearing, it had no connection to the plaintiff's claimed injury, which was the denial of his grievance. Nor was the email, if it was incorrect, "so egregious as to be evidence of bad faith and failure fairly to represent the plaintiff." *Felton II*, 2020 WL 3104048 at *3 (citation omitted). For these reasons, the plaintiff is not entitled to relief from judgment under Rule 60(b)(2).

## II.     Defendants' Motions to Dismiss the Third Amended Complaint

The defendants also argue that the complaint is barred by *res judicata*, and that the statute of limitations has expired. "Under the doctrine of *res judicata*, or claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action' to support or defend against the alleged cause of action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013). To succeed on this claim, the defendants must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same adverse parties] or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (brackets in original). "The applicability of *res judicata* depends on whether the same

5

transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." *Kimso Apartments LLC v. Dish Network Servs. LLC*, No. 16-CV-6834, 2017 WL 8780452, at *8 (E.D.N.Y. Dec. 20, 2017). I dismissed the *Felton II* complaint on the merits, after granting the plaintiff multiple opportunities to amend, because it did not state a hybrid Section 301 claim for unfair representation. *Felton II*, 2020 WL 3104048 at *4. In this latest complaint, the plaintiff makes the same claims against the same defendants and relies on exactly the same facts about his termination and grievance hearing.

The plaintiff also claims that the NLRB, which is not named in this action, conspired with the union to violate his rights under the Labor Management Relations Act. Even if the plaintiff could sue the NLRB under this theory, I have already determined that the plaintiff's rights were not violated. *See Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury*, 270 F. App'x 52, 54 (2d Cir. 2008) ("Under non-mutual collateral estoppel, if a litigant has had an opportunity to fully and fairly litigate an issue and lost, then third parties unrelated to the original action can bar the litigant from relitigating that same issue in a subsequent suit."); *Swiatkowski v. Citibank*, 745 F. Supp. 2d 150, 169 (E.D.N.Y. 2010), aff'd, 446 F. App'x 360 (2d Cir. 2011) ("[A] district court may raise the issue of collateral estoppel sua sponte.").

Accordingly, the plaintiff's complaint must be dismissed.

## CONCLUSION

The defendants' motion to dismiss is granted. The case is dismissed with prejudice and the Clerk of Court is directed to close this case.

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      September 26, 2022